IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FILED
SEP 28 2007
DAVID CREWS, CLERK
By_____ Deputy

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 2:07CV171-B-A |
| v. ) ) | |
| HWCC-TUNICA, INC., ) d/b/a HOLLYWOOD CASINO TUNICA ) A SUBSIDIARY OF PENN NATIONAL ) GAMING, INC. ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole the Tara Hancock. The Commission alleges that the Defendant failed to provide Ms. Hancock with a reasonable accommodation and discharged her because of her disability, residual complications from a catastrophic motor vehicle accident.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, HWCC Tunica, Inc., d/b/a/Hollywood Casino Tunica, a Subsidiary of Penn National Gaming, Inc., (hereinafter referred to as "Employer" "Defendant" or "Hollywood Casino") has been and is now a corporation doing business in the State of Mississippi and has continuously had and does now have at least fifteen (15) employees. Defendant employer is a company that operates a casino gaming property with hotel facilities

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Hancock filed a charge with the Commission alleging a violation of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8. Ms. Hancock, was hired as a part-time Dealer in the Table Games Department by Defendant, Hollywood Casino, on February 28, 2005. After approximately five months, she was made full time, and on September 30, 2005, she was placed in a Dealer/Pit Clerk position.

9. The general duties of a Dealer include, but are not limited to, the ability to deal multiple games, such as Craps, Blackjack, Roulette and Caribbean Stud. Other skills include the capacity to speak effectively before groups of customers and the aptitude to understand and the carry out instructions. Dealers are also required to use their hands to feel, handle and finger objects, tools or controls.

10. On November 27, 2005, Ms. Hancock was involved in a serious off duty automobile accident. During the accident, Ms. Hancock's right ankle was partially severed, which involved a significant amount of bone loss and required surgical intervention including the placement of screws to reconnect the severed bones at the fracture site. Ms. Hancock also fractured her left ankle, fractured her ribs and sustained a significant head injury involving her face, ear and eye.

11. The accident resulted in long term complications. As a result of Ms. Hancock's condition, she is substantially limited in the major life activities of standing and walking.

12. After her accident, Ms. Hancock took a leave of absence for 30 days.

13. On December 29, 2005, Ms. Hancock attempted to return to work with her fitness for duty report which stated that she was able to perform her regular duties if sitting down, but was not able to stand for long periods of time or put pressure on her right leg.

14. As a reasonable accommodation, Ms. Hancock asked to be assigned as a Dealer to the table reserved for wheel chair patrons, or to be allowed to work seated on a stool.

15. Defendant denied her request for a reasonable accommodation and terminated her employment as a Dealer.

16. The Commission alleges that Ms. Hancock is a qualified individual with a disability under the definition of the Americans with Disabilities Act.

17. The effect of these practices complained of above has been to deprive Ms. Hancock of equal employment opportunities and otherwise adversely affect her status as an employee because Defendant Employer failed to provide her with a reasonable accommodation and discharged her because she is disabled, as defined by the ADA.

18. The unlawful employment practices complained of above were and are intentional.

19. Defendant Hollywood Casino, at all relevant times, has been acting with malice or reckless indifference to the federally protected rights of Tara Hancock in violation of the ADA, 42 U.S.C. §12101 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant Hollywood Casino, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant Hollywood Casino to make whole Tara Hancock by providing her with appropriate back pay with prejudgment interest, in amounts to be proved at trial,

reinstatement with a reasonable accommodation and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant Hollywood Casino to make whole Tara Hancock by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

  E. Order Defendant Hollywood Casino to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper; and,

  G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact, raised by the Complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

_____
**TERRY BECK**
Supervisory Trial Attorney
TN Bar No. 9346

_____
**DEIDRE SMITH**
Senior Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
Telephone: (901) 544-0140