IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                         PLAINTIFF

v.                                                        CIVIL ACTION NO. 2:07CV171-B-A

HWCC-TUNICA, INC.                                                               DEFENDANTS

**<u>ORDER</u>**

Plaintiff Equal Employment Opportunity Commission ("EEOC") requests the court to compel the defendant, HWCC-Tunica, Inc., to provide responses to the EEOC's First Request for Production of Documents. The EEOC served its requests on March 17, 2008. Before the responses were due, defense counsel provided plaintiff with some documentation and requested a one-week extension to respond; however, the defendant did not provide its responses until June 23, 2008.

This case arose from a charge of discrimination filed with the EEOC by Tara Mazzanti (formerly Hancock) after she became disabled as a result of a motor vehicle accident. The charge against defendant alleged a failure to provide reasonable accommodations and termination because of her disability. The commission conducted an administrative investigation of the claim and obtained a substantial amount of information from the defendant; however, the commission presents two arguments regarding this documentation: (1) the information is hearsay unless and until identified for trial purposes and (2) the information provided during an administrative investigation is "typically much less than the typical amount of relevant information that exists." Accordingly, plaintiff urges this court to compel responses to its First

Request for Production of Documents.

In its motion to compel, the EEOC contends that the defendant has refused to produce responsive documentation under claims of privilege and other objections and failed to produce a privilege log until it entered its response to this motion. Likewise, defendant has not filed a motion for protective order for the documents it has not produced. Due to a lack of timeliness and a failure to properly assert the privileges, plaintiff requests the court to enter an order holding: (1) that defendant has waived all claims of privilege and other objections to the commission's first request for documents, (2) that defendant must provide all responsive documents within 10 days of the order, (3) that defendant amend its responses to unambiguously state that all responsive documents have been produced, (4) that any photographs, video recordings, or information obtained about Mazzanti from a private investigator not produced within 10 days of the order shall not be used for any purpose in any dispositive motion or trial, and (5) that defendant reimburse plaintiff for costs associated with preparing its motion.

Defendant responds that plaintiff's requests and its motion to compel are ambiguous, confusing, and poorly drafted. Therefore, defendant objected to the requests out of an abundance of caution. Further, defendant argues that it did not provide a privilege log at the time it submitted its objections because general correspondence between attorney and client are not subject to discovery. To produce a log of each communication "would have resulted in an unreasonable act of futility." Additionally, defendant asserts that plaintiff has not linked its requests with a claim or defense, nor has the EEOC clarified its requests or limited their scope. Had they done so, defendant claims it could have responded in a less equivocal manner.

In response to defendant's objections, the court first notes that HWCC-Tunica Inc.'s

"privilege log," which is actually a recitation of objections rather than an itemization of purportedly privileged documents, does not conform with Rule 26.1(A)(1)(c) of the UNIFORM LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI. Local Rule 26.1(A)(1)(c) states that a party withholding a document on the basis of privilege shall submit a privilege log that contains at least the name of the document, a description of the document, date, author(s), recipient(s), and the nature of the privilege. It makes no difference if there are four documents or four thousand – each individual document that has an attached privilege must meet these minimum requirements. Because the defendant's log does not meet the rule's minimum requirements and was not submitted in a timely manner, defendant is ordered to submit a new privilege log no later than October 27, 2008, or any objections based on these privileges will be deemed waived. The court now proceeds with the substantive arguments brought to its attention.

The rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Furthermore, the parties' mutual knowledge of all the relevant facts is a prerequisite for proper litigation. *Id.* Additionally, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information sought need not be admissible at the trial if the information appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1).

The court addresses the issues raised in the motion to compel in the order presented by the plaintiff.

> **REQUEST NO. 2: Provide any and all documents used to respond to the Complaint filed in this action.**

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad, over reaching, and requests documents protected under the attorney client and work product privilege. Without waiving said objection any other documents responsive to this request have been produced.**

Plaintiff contends that this request is not overbroad or over reaching because it clearly seeks production of the documents used to support any defenses and factual assertions in defendant's answer. Also, absent a privilege log, plaintiff does not know the nature of the documents defendant refused to produce. Defendant responds that it has produced all documents responsive to plaintiff's request and is unclear as to what documents plaintiff contends were withheld. Last, to the extent that the request seeks documents protected from production by the attorney-client privilege, defendant objects and withholds all documents within the class.

The attorney-client privilege protects only those communications, made in confidence, between an attorney and his client that are relevant to legal advice. *E.g.*, *Dunn v. State Farm Fire & Casualty Company,* 122 F.R.D. 507, 509 (N.D.Miss. 1988). In the corporate setting, the attorney-client privilege protects confidential communications between certain employees of the corporation and its attorneys when made to obtain legal services. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). The privilege, however, only protects disclosure of the communication; "it does not protect disclosure of the underlying facts by those who communicated with the attorney . . . ." *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)). Likewise, the privilege "is construed no more broadly than is necessary to effectuate its purpose." *Dunn* at 509 (quoting *In re LTV Securities Litigation*, 89 F.R.D. 595, 600 (N.D. Texas 1981).

The work product doctrine generally prevents disclosure of documents or tangible things

"prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." FED. R. CIV. P. 26(b)(3). Like the attorney-client privilege, the doctrine does not extend to the relevant, underlying facts. *See Dunn v. State Farm Fire & Cas. Co.,* 122 F.R.D. 507, 510 (N.D.Miss 1988); *Upjohn Co. v. United States*, 449 U.S. 383, 395-96.

Work product-protected materials must be distinguished from materials prepared in the ordinary course of business, which are afforded no protection. *United States v. El Paso Co.*, 862 F.3d 530, 542 (5th Cir. 1982), citing FED. R. CIV. P. 26(b)(3) Advisory Committee Notes, *cert. denied*, 466 U.S. 9444 (1984). The Fifth Circuit applies a less-than-stringent standard in analyzing whether an item was prepared in anticipation of litigation; specifically, "litigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

Based on established case law, plaintiff's motion to compel a response to this request is granted. This request was not overbroad and is clearly relevant to the present case. Also, just because a document was ultimately connected with the present litigation does not automatically nullify the obligation to produce it. Therefore, defendant is ordered to produce to plaintiff all documentation it used to prepare its answer the complaint by October 27, 2008, excluding confidential communication between defense counsel and client, and documents prepared in anticipation of litigation, all of which are, of course, required to be listed in a privilege log.

**REQUEST NO. 3: Provide the complete personnel files of Alan McKiernon and Anna Chapman.**

**RESPONSE: Defendant objects to this request on the grounds that it seeks evidence that is not likely to lead to the discovery of admissible evidence.**

Plaintiff asks the court to order production of personnel files on the basis that they are calculated to lead to admissible evidence because the two individuals are former employees of the defendant's human resources department with whom Mazzanti discussed her requests for accommodation before she was terminated, and these files will have contact information, may contain notes about Mazzanti regarding her requests for accommodations, and will contain background information of potential key witnesses to which plaintiff is entitled. Defendant responds that this information can be obtained by less intrusive means. Defendant does not explain what these less intrusive means are, but prior case law holds that complete personnel files of non-parties should generally not be produced. Plaintiff has acknowledged that defendant provided contact information of the two individuals on September 11, 2008.

Because of inherent privacy interests, the production of employment records should not be ordered absent a compelling demonstration of relevance. *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999). Additionally, to obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D.Minn.1977); *See also*, *Shedlock v. UPMC Presbyterian Inc.*, 2004 WL 3155117 (Pa.Com.Pl. 2004). Production of the entire personnel file should not be ordered when less intrusive means of discovery are available. *Raddatz* at 448.

The court declines to order the production of the complete personnel files of Alan McKiernon and Anna Chapman as plaintiff has possession of their contact information. And although it is highly unlikely that any notes or memoranda pertaining to Mazzanti's requests for an accommodation would be found in the personnel files of Alan McKiernon and Anna

6

Chapman, defendant must produce those notes or memoranda. Otherwise, the motion is denied as to this request.

> **REQUEST NO. 4: Provide any and all documents or records pertaining to Tara Hancock in Defendant's possession.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly broad and seeks documents that are not likely to lead to the discovery of admissible evidence. Without waiving said objection documents responsive to this request have been produced.**

The EEOC argues it is entitled to the Hancock documents because she is a party to the case as a plaintiff-intervenor. Also, plaintiff does not know what documents defendant claims are too burdensome to produce as it has not had a chance to examine them, and defendant has not described them.

Defendant contends that all responsive documents have been produced, but that to the extent that plaintiff's terms "any and all" and "pertaining to" seek documents that contain Tara Hancock's name, defendant reserves it right to object. Additionally, defendant points out that the privilege log submitted with its response to this motion specifies a class of documents that it has withheld that are only remotely related to Tara Hancock by the fact that they contain her name but are unrelated to the issues of the case. *See* docket no. 67. Documentation relating to the plaintiff-intervenor is clearly relevant and is the type of basic information that fits within the broad scope of discovery so long as the production is limited to case-related information. Because the defendant claims it has already produced responsive documentation, the court will not compel production of the documents. Of course, although plaintiff's motion as to this request is denied, defendant withholds discoverable information at it peril.

> **REQUEST NO.6: Provide any and all correspondence, notes, e-mail, telephone messages or other written documents from HWCC-Tunica, Inc. d/b/a Hollywood**

> **Casino Tunica of America regarding Tara Hancock.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, seeks evidence not likely to lead to admissible evidence and seeks documents that are protected under the attorney client privilege. Without waiving said objection, all other documents have been produced.**

Plaintiff urges the court to compel production of unproduced documents because defendant has not provided a privilege log describing the reason for its refusal. Plaintiff further asserts that it is not defendant's place to claim that documents reflecting discussions of Mazzanti are not likely to lead to admissible evidence without allowing plaintiff an opportunity to examine them.

Defendant again responds by reiterating that all responsive documents have been produced and any other documents that may contain Tara Hancock's name have no relevance to the present matter. To the extent that defendant refers to those documents, it reserves the right to object to the production of the documents as a search of them would be "time consuming, costly and would not yield documents of probative value."

Documents regarding Tara Hancock which were created before defense counsel was retained in this matter are not protected by the attorney-client privilege. The defendant's privilege log [docket no. 67] invokes the privilege as to all pre-litigation and post litigation correspondence, memoranda or documents and reports drafted by defendant's counsel in anticipation of litigation without itemizing those documents sufficiently to allow counsel or the court to determine whether they are in fact privileged. *See United Investors Life Ins. Co. v. Nationwide Line Ins. Co.*, Civil Action No. 2:04cv12, Docket No. 168 at 2-3 (N.D. Miss. February 6, 2006). Only those confidential, relevant communications between counsel and client pertaining to this litigation are afforded the protection of the privilege.

In the court's view the requested information is precisely the kind that is likely to lead to the discovery of admissible evidence. Likewise, any documentation concerning any requests for accommodation and any documentation concerning the ultimate decision to terminate Tara Hancock would clearly be relevant as the essence of her complaint is defendant's alleged refusal to accommodate Hancock's disability and her subsequent termination. Finally, if there are documents responsive to this request that have not been produced because of a privilege claim, defendant must submit a privilege log which conforms to the Local Rule as discussed in *United Investors, supra*, detailing those withheld documents. Accordingly, if defendant is in possession or control of unprivileged documents responsive to this request, it is ordered to produce them to plaintiff's counsel. Further, the defendant is ordered to direct plaintiff's counsel to entries in the privilege log which fall under this request.

> **REQUEST NO. 7: Provide any and all documents pertaining to written job description for the dealer position from December 2005 to the present.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it seeks documents more easily obtained by other means. Specifically, Defendant produced the same to the EEOC during its investigation of this charge.**

The EEOC objects to this response by claiming that the documents used during the administrative investigation are hearsay in the trial de novo. Also, the defendant provided plaintiff with six different dealer job descriptions during the administrative investigation. However, one was drafted for Mazzanti's place of employment and did not contain a requirement to stand. The defense counsel for the administrative investigation contended that this description was erroneously drafted and then submitted job descriptions from five other casinos that he said more accurately stated the dealer qualifications.

Plaintiff states its reasoning for propounding this request was to resolve which

9

description defendant contends applied to Mazzanti when she was employed. The request also sought any other documentation that indicated the job requirements of a dealer with Defendant In fact, the commission provided defendant with a Bates-numbered copy of its administrative file and asked defendant to amend its response by identifying the Bates number page(s) that defendant contends was Mazzanti's job description. According to plaintiff, defendant refused stating that it included such information in the documents submitted with its Rule 26(a) Initial Disclosures and documents produced in response to the EEOC's First Request for Production. The plaintiff states that no documents were produced with defendant's Rule 26(a) Initial Disclosures, and that previously provided documentation did not include any job description.

It is clear to the court this dispute between counsel could have easily been resolved and should have been resolved without the court's intervention. As such, defendant is ordered to comply with plaintiff's request to identify the appropriate Bates-numbered document that corresponds to the dealer position at HWCC-Tunica that applied to Tara Hancock.

> **REQUEST NO. 8: Provide any and all documents listing the names and functions of the management personnel of Defendant Employer.**
>
> **RESPONSE**: **Defendant objects to this request on the grounds that it seeks documents more easily obtained by other means. Specifically, Defendant produced the same to the EEOC during its investigation of this charge.**

Plaintiff contends that defendant's response to this request is factually untrue in that defendant produced no documents responsive to this request during the administrative proceeding. Even had they done so, such documents would be hearsay in the present trial. Also, plaintiff argues that these documents are relevant because they "will shed light on which management personnel should have been involved in Mazzanti's request for an accommodation and her termination, which in turn will shed light on whether Defendant followed its normal

procedures...."

The court holds that these documents are basic discoverable information and should be produced to the plaintiff. The requested information clearly seems relevant as to who had the proper authority to initiate and carry out employee terminations, and, the information could very well lead to the discovery of admissible evidence. Therefore, the defendant is ordered to produce to plaintiff documents listing the names and functions of management personnel of Defendant

> **REQUEST NO. 9:** Provide any and all documents identifying the organizational structure of the Defendant Employer.
>
> **RESPONSE**: **Defendant objects to this request on the grounds that it seeks documents more easily obtained by other means. Specifically, Defendant produced the same to the EEOC during its investigation of this charge.**

Plaintiff again claims that defendant's response is factually untrue and that such documents were not produced during the EEOC administrative investigation. Additionally, the documents are relevant as they "will shed light on which management personnel should have been involved in Mazzanti's request for an accommodation and her termination, which in turn will shed light on whether Defendant followed its normal procedures...." Defendant claims that these documents have already been produced to plaintiff. Again, whether or not they were so produced in the investigation, plaintiff is entitled to either be furnished with another copy of the requested documents or a specific itemization of the particular documents which defendant previously produced which are responsive to this request.

> **REQUEST NO. 10:** Provide copies of any and all documents regarding any claims filed in any state or federal courts in the United States against the Defendant concerning discrimination against the disabled.
>
> **RESPONSE**: **Defendant objects to this request on the grounds that it seeks**

> **documents more easily obtained by other means; documents not likely to lead to the discovery of admissible evidence and the request is overly broad and burdensome.**

Plaintiff objects to this response on the grounds that defendant is the only party likely to have this information and the documents responsive to the request. As such, these documents cannot be obtained in an easier way. Also, defendant did not provide the nature of the documents it claims were too burdensome to produce, nor has it allowed plaintiff to examine any of the documents. Plaintiff also provides the court case law supporting its position that evidence of an employer's discriminatory practices is relevant as to whether an employee has been subjected to discriminatory treatment.

Defendant responds that these documents can be obtained in the same fashion that defendant would be required to find them. In fact, defendant states that Rule 34 does not require parties to locate documents not within the requested party's custody and/or control, and, since the documents are public record, the requested party is under "no obligation to perform research for the party requesting the production...."

The court agrees with defendant that this request is overly broad and burdensome as it is not tailored to cases with the same or substantially similar facts, nor is the request limited to a proper time frame. However, defendant is directed to produce the requested information for all cases filed against it within the five years preceding plaintiff's separation from employment alleging employment discrimination on grounds of disability.

> **REQUEST NO. 12: Provide any and all insurance policies that the Defendant has that cover the type of claim alleged in the Complaint**.
>
> **RESPONSE**: **Defendant objects to this request on the grounds that it is ambiguous and seeks documents more easily obtained by other means. Specifically, Defendant produced documents responsive to this request to the EEOC during its investigation of this charge**

Plaintiff denies that defendant ever provided it with a copy of an insurance policy during the administrative investigation. Defendant amended it response to state that no responsive documents exist as the claim is not covered by an insurance policy. Because the court cannot compel that which the defendant asserts does not exist, the motion is denied as to this request.

> **REQUEST NO. 13: Provide the financial statements, balance sheets, and profit and loss statements of the Defendant Employer from December 2005 to the present time.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it seeks documents which are not ripe for production at this point in the litigation. Without waiving said objection, Defendant will consider this request if and when it appears that the requested information is relevant.**

Plaintiff contends this information is discoverable because it seeks punitive damages. In *Liberty Mut. Ins. Co. V. Tedford*, this court stated, "[i]t is only fair that [plaintiff]'s counsel have some idea of the nature and extent of the net worth of [the defendant] going into the trial;" *Liberty Mut. Ins. Co. V. Tedford*, 2008 WL 2080930, *7 FN2 (N.D.Miss. 2008).

Defendant thereafter amended its response to state that the Hollywood Casino Corporation, Tunica is a subsidiary of Penn National Gaming, a publically traded company, and as a consequence, relevant financial statements are available on the defendant's website. However, a party must produce all responsive documentation within its control, regardless of whether the documents are public record. Therefore, defendant is ordered to provide all responsive documentation to plaintiff. In keeping with the need for confidentiality, only the attorneys in the present case may view this information, and counsel is ordered to treat the information as strictly confidential until such time as it is received into evidence at trial.

> **REQUEST NO. 14: Provide a complete copy of any and all handbooks or other documents that describe termination procedures**.
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly**

13

> **broad, ambiguous and seeks the production of documents not likely to lead to the discovery of admissible evidence.**

The court agrees that this request is concisely written and that there can be no confusion as to which documents the request seeks. The defendant responds that the original response was "forwarded inadvertently" and that all responsive documents have been produced. Once again, defendant has required plaintiff and the court to expend time examining a deficient response, dispute about which should never have reached the court. If there are any documents responsive to this request that defendant has not produced, defendant is ordered to produce them to plaintiff's counsel.

> **REQUEST NO. 17: Provide all documents, including payroll records, assignment sheets, sign in sheets etc., that provide the names, addresses, last known addresses and telephone numbers of all current or former employees assigned as dealers from December 2005 to present.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly broad, burdensome, and seeks the production of evidence not likely to lead to the discovery of admissible evidence.**

Plaintiff argues for production of these documents on the basis that a major factual issue is the extent to which defendant operated a "handicap table" where the dealer can sit down. Mazzanti's request for a position at this table due to her limited ability to walk and stand was refused in part because the table was not operational long enough to grant the accommodation. Plaintiff contends that other dealers who worked for defendant would have information concerning the operational hours of this table and as such, are potential key witnesses that can be identified through these documents.

Defendant replies that within the time frame requested by plaintiff, Hollywood employed over 300 dealers and that records regarding these employees have either been destroyed or are in

storage.  Because of these facts, the probative value of producing the documents is outweighed by the burden of producing them.  Last, defendant asserts that plaintiff is merely on a fishing expedition because it is "unfathomable" that such documents might lead to the discovery of admissible evidence.

While it is possible that some of the documentation could lead to the discovery of admissible evidence, the court agrees with defendant that this request is overly broad and burdensome, and the likelihood of obtaining admissible evidence insufficient to outweigh that burden on the defendant.  Accordingly, plaintiff's motion to compel a response to this request is denied.

> **REQUEST NO. 18: Provide any and all documents transmitted to the Corporate Headquarters or Human Resources Department regarding Tara Hancock.**
>
> **RESPONSE: Defendant objects to this request on the grounds that it is overly broad, burdensome, and ambiguous.**

Although defendant has responded that it has no documents other than the ones already produced, plaintiff questions an email message (attached to its motion to compel as Exhibit "C") sent to Alan McKiernon from Karen Orischak and John Osborne about Mazzanti's request for accommodation that was deleted before it was produced to the commission.  The documents that were produced refer to additional conversations between Alan McKiernon and an unnamed general manager and unnamed individuals in the corporate human resources department.  Because these conversations took place via email, plaintiff reasonably suspects that defendant has documentation concerning these communications.

The defendant responds that all responsive documents have been produced.  Additionally, defendant posits it is a "quantum leap" to determine that the referenced

15

conversation must have been reduced to writing simply because McKiernon corresponded by email in the past.  In fact, defendant believes this argument "is absurd " to assume that since McKiernon used email on this occasion, that this was his "preferred method of communication," and to assume the term "conversations" should be interpreted to mean a verbal exchange of information.

The court finds that in this day and time the term "conversations" is not simply limited to verbal exchanges.  Also, whether or not McKiernon used email as his preferred method of communication is not the issue in this case.  What is at issue is the alleged refusal of accommodation and subsequent termination of Tara Hancock by defendant. Therefore, plaintiff's motion to compel documents transmitted to corporate headquarters or the human resources department regarding Tara Hancock is granted.  Any non-privileged, responsive documentation – whether it be email, letter, phone transcripts, etc. – must be produced to plaintiff.

> **REQUEST NO. 19: Provide any and all audio or video recordings of any form or format containing the image or voice of Tara Hancock recorded during the time period from December 2005 to the present.**
>
> **RESPONSE: Defendant is unaware of any responsive documents in its possession.**
>
> **REQUEST NO. 20: Provide any and all photographs of Tara Hancock taken at any time from December 2005 to the present.**
>
> **RESPONSE: Defendant is unaware of any responsive documents in its possession.**

These requests for audio and video recordings and photographs grow out of a face-to-face meeting before the initial scheduling conference with defendant's vice-president of human resources.  According to plaintiff, this individual made a statement that such documents might exist, and defendant's response leaves open the possibility that it might come into possession of such documentation just in time for trial.  The plaintiff contends that should no responsive

documents exist, the defendant should be able to state so unequivocally.

In its response to both requests, defendant asserts that, to its knowledge, no such responsive documentation exists and that plaintiff's objection simply mounts to whining. Further defendant maintains that it would not risk the consequences that would be imposed should it purposefully withhold such documentation. Again, the court cannot compel production of documents that the defendant claims does not exist. However, the defendant is reminded that if it has such recordings that are responsive to this request under its control or in its possession, it must produce them to plaintiff or be barred from using them at trial. Accordingly, the court denies the motion as to this request.

> **REQUEST NO. 21: Provide any and all documents, reports or other investigative materials generated as a result of any and all investigations by any and all private detective services or any other individuals or entities involving any facts related to this lawsuit.**
>
> **RESPONSE: Defendant objects to this response to the extent that it seeks documents that are attorney work product. Without waiving said objection, defendant is unaware of any documents responsive to this request within its possession.**

This request is also based on inferences drawn by plaintiff from the same meeting. Plaintiff contends that if defendant has no such documents then the asserted privilege is frivolous.

Defendant responds that it fully responded to this request based on its understanding of it. Second, defendant asserts that plaintiff's demand for an unambiguous response is unsupported by legal authority, and that the only paper discovery that would be close to such a response would take the form of an admission. Third, defendant believes this request is poorly drafted as it does not limit documents to only those that are not protected by the attorney-client privilege or

17

work product doctrine. As such, defendant renewed its objection to the request, adding all pre- and post litigation documents between defense and counsel to its privilege log.

The court reminds defendant again that its current privilege log is insufficient. As such, the court will not base its ruling on this objection. However, the court cannot compel production of documents that the defendant claims does not exist. Accordingly, the court denies the motion as to this request, with the same warning that such documents will not be admissible at trial.

The plaintiff seeks its reasonable expenses incurred in bringing its motion to compel, including attorney's fees, because defendant's objections were not substantially justified. Although the court does not find this to be an appropriate sanction at present, the court nevertheless notes that the tone adopted by defendant and its counsel thus far in this case is wholly inappropriate. Litigation is by its nature adversarial, but that does not mean that the parties and their counsel are excused from observing common courtesies and behavior respectful of adversarial parties and counsel. There is nothing to be gained from such behavior but ill will. This case will be tried on its merits, at which time defendant is free to argue to the factfinder that plaintiff's claims are without merit. Meanwhile, the parties and counsel are expected to engage in discovery permitted by the Rules in good faith.

For these reasons, it is **ORDERED**

That Plaintiff's motion to compel discovery is GRANTED in part and DENIED in part as detailed above. Defendant shall comply with the terms of this order by October 27, 2008**.**

This the 6th day of October, 2008.

      /s/ S. ALLAN ALEXANDER
   UNITED STATES MAGISTRATE JUDGE