IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, PLAINTIFF

V.

TARA MAZZANTI PLAINTIFF/INTERVENOR

V. CIVIL ACTION NO. 2:07CV171-B-A

HWCC-TUNICA, INC.,
d/b/a HOLLYWOOD CASINO, TUNICA,
A SUBSIDIARY OF PENN NATIONAL
GAMING, INC. DEFENDANT

ORDER ON PARTIES' MOTIONS TO STRIKE

On March 20, 2009, the parties timely filed the following motions:

1. Plaintiff EEOC's motion to strike Christine Joy, Julie Kent and Robin Horton [154];

2. Plaintiff EEOC's motion to strike Edie Nichols testimony by deposition [155]; and

3. Defendant's motion to strike [156].

The court has reviewed the motions and responses and finds as follows.

1. <u>Motion to strike Christine Joy, Julie Kent and Robin Horton</u>

EEOC seeks to strike Christine Joy, Julie Kent, and Robin Horton as witnesses for the

1

defendant arguing that the defendant failed to disclose the subjects upon which these individuals have discoverable information. Plaintiff argues that defendant disclosed these individuals' identities on December 2, 2008, but failed to completely identify the subjects about which they have discoverable information as required by Rule 26(a) of the Federal Rules. The December 2 amended disclosure lists the individuals and their relevant information as follows:

> Julie Kent, . . . Knows Tara Hancock and has information about Tara Hancock's harassment of employees.
>
> Christine Joy, . . . Knows Tara Hancock and has information about Tara Hancock's harassment of employees.
>
> Robin Horton – . . . Was contacted by employee(s) who were or knew of other employees harassed by Tara Hancock.

Docket 154-2, pp 1-2. Defendant filed a motion for summary judgment on January 20, 2009 [Docket 132], attaching affidavits of Kent and Joy as exhibits to the motion which each state,

> Walking the table is a function that is required in order to deal correctly. Whether at the stand up table or sitting at the handicapped table, dealers are required to walk the table. [Joy affidavit includes the words "for game protection."] Docket 132-2, p.2; Docket 132-1, p. 18.
>
> I did [Joy Affidavit says "do"] not like dealing at the sit down table. Docket 132-2, p.2; Docket 132-1, p. 19
>
> Dealing blackjack requires concentration and focus because you are required to do many things at one time. Docket 132-1, p. 19 [Kent Affidavit]
>
> In dealing blackjack . . . . Dealers are required to be alert and maintain focus and concentration at all times. Docket 132-2, p.3 [Joy Affidavit]

The affidavits also separately cover issues of plaintiff contacting Joy and Kent regarding testimony in this case; that dealers at Hollywood Casino are required to rotate; game protection is essential as a dealer to prevent players from cheating or altering their cards or bets; that dealers at

2

the Hollywood Casino are required to stand up while dealing except at a handicapped table and other similar topics regarding work as a dealer. *Id.* The defendant did not attach an affidavit from Horton.

Plaintiff claims that the subjects that were disclosed in defendant's December 2, 2008 Amended Rule 26 disclosures are not sufficient as the subjects mentioned in the affidavits are much broader and encompass several additional issues which are relevant to the issues in this case. Specifically, plaintiff argues that "[s]ome of their proffered testimony contradicts and better fits defendant's theory of the case than deposition testimony previously given on the same subjects by defense witnesses Alan McKiernon and Joe Stronski." Docket 154, p.2. Further, plaintiff contends that while the individuals were technically disclosed within the discovery period, it was so late in the discovery period that the plaintiff had used all of its allotted fact witness depositions and therefore was unable to depose them. Plaintiff, although not sure, anticipates that Horton's testimony will likely also extend beyond the limited subject matter for which she was disclosed. Plaintiff requests that the court strike these witnesses based on failure to timely, properly and fully disclose all relevant information about which these individuals held.

Defendant responds that "there is no obligation to provide supplemental or corrective information that has been otherwise made known to the parties during the discovery process." Docket 158, pp1-2, *citing Hooker v. Fulton Co., GA*, 2006 WL 2617142 at 3-4 (N.D. Ga. Sept. 2006). To support this argument, defendant cites to plaintiff's deposition in which she stated that Crissy Joy was someone who had personal knowledge that plaintiff was not allowed to use the handicapped table. Further, defendant claims that the subject matter about which these individuals will testify was available to plaintiff, as she had been in contact with them in

3

November 2008 via e-mail, before defendant was aware of the breadth of their personal knowledge and information. Defendant contends that plaintiff is neither prejudiced nor surprised by these witnesses' knowledge or topics about which they have information.

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party is required to make these disclosures and to supplement or correct them in accordance with Rule 26(e)(1)(A) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Further, "a party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Fed. R. Civ. P. 26(a)(1)(E).

The penalty for failure to provide the information required by Rule 26(a) and the local rules of this court is that the offending party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing , or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); Unif. Loc. R. 26.1(A)(5). This sanction is anticipated, according to the Advisory Committee Note to Rule 37, to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence"

at any hearing, including the trial, by the deadline. As regards disclosure of expert information, the Fifth Circuit has recognized that "[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Cleave v. Renal Care Group, Inc.*, 2:04CV161-P-A, slip op. at 2 (N.D.Miss. July 11, 2005) (quoting *Sierra Club v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996)). This analysis applies as well to supplementation of information other than expert witness information. The duty to supplement disclosures is not license to delay or strategically postpone disclosure of relevant information.

In determining whether to exclude evidence for breach of duty to supplement answers to interrogatories or other discovery, court should consider: 1) explanation, if any, for failure to name witness, 2) importance of witness' testimony, need for time to prepare to meet such testimony, and 3) possibility of continuance. *Murphy v. Magnolia Electric Power Ass'n,* 639 F.2d 232, 235 (5th Cir. 1981); Fed.R. Civ.Proc. Rule 26(e). The basic purpose of Rule 26(e) has been held to be prevent a party from being prejudicially surprised by information presented at trial. *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994); *Brower v. Staley, Inc.*, Slip Copy, 2008 WL 5352019 (5th Cir. 2008). In this case, the defendant offers by way of explanation that it provided the names and information held by Kent, Joy and Horton as soon as it learned of their identities and roles in this matter and that it did not have a duty to provide any additional information as to the subject matter these individuals had knowledge of because that the substance of what they are anticipated to say was the same information already known to the plaintiff in other ways. In the court's opinion, defendant attempts to put too fine a point on this

argument; the defendant clearly *did* have a duty to make known to plaintiff the name, the address and telephone number of each individual likely to have discoverable information, if known, and the subjects of that information that defendant might use to support its claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a). In particular, if the defendant intends to use these witnesses to defend against the plaintiff's claims regarding any subject other than the fact that each of these witnesses "[k]nows Tara Hancock and has information about Tara Hancock's harassment of employees," then it had under a duty to completely and timely supplement this information to include information such as that later offered in the affidavits attached to its motion for summary judgment to the plaintiff. Nevertheless, the plaintiff cannot realistically claim prejudice or surprise here as she herself knew these individuals and the information each possessed. As a consequence the court cannot find that the purpose of Rule 26(e) was controverted.[1]

The importance of these witnesses' testimony is not clear. While the plaintiff argues that their testimony is more important than some of the witnesses the defendant intended to call for specific defenses, the defendant states on a response to a related motion *in limine* that defendant does not intend to use the evidence from Joy, Kent and Horton in its case-in-chief. Docket 150. It is likely that the testimony of these witnesses is not of the utmost importance. In any event, however, the defendant has offered in defense of plaintiff's claims all along in this case information that is substantially similar to that contained in the three affidavits, whether that

---

[1] The information known to the plaintiff as opposed to that known to plaintiff's counsel may not necessarily be one and the same. Nevertheless, the evidence in this case shows that the plaintiff knew of Joy, Kent and Horton and the full possibility of their personal knowledge on many issues material to this case.

6

information came from these three witnesses or someone else. The substance of their sworn testimony is manifestly not a surprise to plaintiff.

Regarding the third factor for consideration, the possibility of a continuance, it does not appear necessary at this time. Because there is no prejudice or surprise as to the information held by Kent, Joy and Horton, and the testimony is not of the utmost importance as it will not be used in defendant's case-in-chief makes a continuance unnecessary. The plaintiff's motion to strike these individuals is denied.

      2.      <u>Plaintiff's motion to strike testimony of Edie Nichols by deposition.</u>

Plaintiff has moved to strike the deposition testimony of Edie Nichols from defendant's witness list because defendant failed to disclose in her expert report all of the medical records that Nichols relied upon in forming her opinion. Docket 155. This failure, argues plaintiff, violates Fed. R. Civ. P. 26(a)(2)(B) and requires that the testimony be stricken.

The plaintiff concedes that Nichols's report states that she relied upon the discharge summary of Dr. Nathaniel Stoikes dated December 9, 2005, the fitness for duty report by Dr. Anthony Mascioli dated December 27, 2005 and that she reviewed "Tara Mazzanti Medical records/HIPPA ORDER" on a list of documents Nichols relied upon in forming her opinion. However, plaintiff argues that at Nichols's deposition, she had a large binder of documents which Nichols stated were mostly medical records that she had obtained from defense counsel. Docket 155, p. 2. Plaintiff's counsel admits that he neither examined the binder nor questioned Nichols further about the documents in the binder and did not make the documents an exhibit to the deposition. No copy of the documents was provided to the plaintiff. Plaintiff argues that there was no reason to prepare to examine the expert about medical records other than the two

mentioned in her expert report because there was no indication that Nichols relied on any unreferenced records before the deposition. Likewise, plaintiff's counsel argues that he was not prepared to question the expert about the records at the deposition, but that he had thought he could question her about them, if necessary, at trial. However, because defense counsel stated for the first time at the final pretrial conference that defendant did not intend to call Nichols to testify live at trial, but rather would read her deposition into the record, plaintiff contends that she is prejudiced by not being afforded the opportunity to question Nichols about the records at trial.

Defendant argues that the EEOC plaintiff noticed Nichols's deposition and that defendant had no duty to question Nichols. Further, defendant states that if documents or testimony were missing, it is due to the plaintiff's failure to examine documents or question Nichols. Defendant maintains that Nichols's report and the information in it are complete and conform to applicable Rules.

Rule 26(a)(2)(B) provides that a party's designation of experts "must be accompanied by a written report--prepared and signed by the witness. . . ." and the report "must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Under Uniform Local Rule 26.1(A)(2), "[a] party shall, as soon as it is obtained, but in any event no later than the time specified in the case management order, make

disclosures. . ." as required by Federal Rule 26(a)(2)(B). The main question before the court is whether the defendant's collectively citing "Tara Mazzanti Medical records/HIPPA ORDER" in its expert disclosures properly complied with the rules or if omitting the medical records from the report, or not specifically referencing all medical records reviewed and relied upon by Nichols is non-compliance with the rules. The court holds that Nichols's report complied with the requirements of the rules. However, if there are portions of Nichols's deposition that specifically relate to medical records not named in her report, those portions should be stricken and prohibited from introduction into evidence at trial. Currently there is a motion *in limine* pending before the trial judge to prohibit Nichols from testifying as an expert at trial. The ruling of this order is limited to the issue of disclosure and proper designation under the Rules of Civil Procedure and does not address the evidentiary questions raised in the plaintiff's remaining motion regarding Nichols. *See* Docket 129.

3. <u>Defendant's Motion To Strike</u>

Defendant has moved to exclude "any document, witness or other evidence identified in the proposed pretrial order by Plaintiffs, but which have not been identified pursuant to Federal Rules of Civil Procedure 34 and 33 or disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(ii) and (iii)." Docket 156, p. 1. Specifically defendant seeks to strike the following:

Documents : P-2, P-3, P-25, P-28, P-29[2]

---

[2]Though not identified in the defendant's motion, the named documents are identified in the proposed Final Pretrial Order as follows:
    P-2 - The Med Discharge Summary and Coding Summary
    P-3 - The Med Report of Operation
    P-25 - Dr. Lowe's office notes, dated 11-3-08
    P-28 - Loss of Income Summary Chart and W-2's for 2005 and 2006
    P-29 - Summary and supporting invoices of Tara Mazzanti's unpaid medical bills

9

> Witnesses : Wayne Griffin, Barbara Bennett, T.Y. Bargy, Dr. Ernest Lowe, Jr., John Osborne, Custodian of Records for Regional Medical Center

Defendant argues that this evidence was not timely produced during discovery and therefore plaintiff should be precluded from using this evidence at trial.[3] Specifically the defendant argues that exhibits P-28 and P-29 were not timely disclosed, and P-2, P-3 and P-25 were submitted with over 200 medical records such that the defendant could not have identified these specific documents as those to be used at trial. The plaintiff responds that the motion should be denied because all the documents listed were produced and witnesses Griffin, Bennett, Bargy and Lowe[4], were identified before the discovery deadline on December 30, 2009. Regarding witnesses John Osborne and Custodian of Records for the Regional Medical Center, plaintiff admits they were not previously identified by plaintiff. However, plaintiff points to deposition testimony of defendant's 30(b)(6) representative that identifies Osborne as a general manager employed by the defendant who was involved in the decision-making related to this case. Docket 161-4. Further, plaintiff contends that it was forced to add the Custodian of Records for Regional Medical Center as a witness by the defendant's objection to the authenticity of the plaintiff's medical records.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is

---

[3]Defendant previously filed a motion to exclude evidence not timely disclosed or identified by plaintiffs. Docket 91. The undersigned denied this motion. Docket 114. The defendant has appealed the court's Order to the trial judge. Docket 120. The court will not review or reconsider any of the previously addressed motion or materials.

[4]Pursuant to the court's Order dated December 9, 2009, Dr. Ernest Lowe, Jr. May be called as a fact witness only. *See* Docket 121.

relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Rule 26 (a) requires that a party make initial disclosures that include:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; . . . .

In addition, "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed. R. Civ. P. 26(e). The penalty for failure to abide by this requirement is prohibition of the evidence.

The plaintiff has presented evidence that the documents and Griffin, Bennett, Bargy and Lowe were timely and properly disclosed under the Rules. The defendant's motion with regard to these documents and witnesses is denied.

As plaintiff admits that witnesses Osborne and the Custodian of Records were not timely

11

disclosed, the court must look to see if the failure was substantially justified or is harmless. In evaluating whether a violation of rule 26 is harmless, and thus whether the evidence may be used at trial, the court must look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Texas A&M Research Foundation v. Magna Transp., Inc*. 338 F.3d 394, 402 (5th Cir.,2003). In this case, the plaintiff has stated that it first learned of Mr. Osborne and his involvement in this matter at the defendant's 30(b)(6) deposition in September 2008. Plaintiff provides no explanation as to why Osborne was not included in any supplemental disclosures, but states that because Osborne is the general manager of the defendant casino, there is no prejudice to the defendant in calling him as a witness. In reviewing the necessary factors, there is no evidence regarding the importance of Mr. Osborne's testimony. Conceivably the testimony could go to a central issue in the case – decisions made by the defendant regarding accommodations for plaintiff to return to work, but neither party has stated what the substance of his testimony would be if called as a witness at trial. Regarding the second issue, prejudice to the opposing party, the court agrees that the defendant cannot truly claim undue prejudice as Osborne is one of its high level managerial employees, and defendant can easily discuss with him the facts and circumstances that would make up his testimony at trial. The third factor, possibility of a continuance, is not essential to the analysis of this witness as the court has determined that there is no real prejudice if the witness is allowed. Finally, although the plaintiff not explained why she did not disclose Osborne as a potential witness before his inclusion in the Final Pretrial Order, the clear lack of prejudice to the defendant in calling Osborne to testify at trial is such that the court holds he may

be included as a witness in the Final Pretrial Order.

As to the Custodian of Records for the Regional Medical Center, the court is guided by the factors listed above as well as the court's decision in *Foradori ex rel. Foradori v. Captain D's, LLC*, 2005 WL 3307102, *7 (N.D. Miss. 2005)[5]. First, the four factors: (1) the plaintiff's medical records are obviously important to establish pivotal issues, including but not limited to plaintiff's alleged disability, which is central to all of her claims; (2) there is no real prejudice to the defendant in allowing the custodian of records as the medical records the plaintiff seeks to introduce through the custodian have been in the defendant's possession virtually since the inception of this case; (3) a continuance is not necessary as there is no prejudice in allowing the information sought; plaintiff's need to have the custodian of records testify is attributable solely to defendant's unwillingness to stipulate the authenticity of the records; (4) the plaintiff's explanation of adding this witness after the discovery deadline is that the defendant has refused to stipulate as to the authenticity of the records. Such explanation is clear and simple.

Second, although medical records are considered an exception to hearsay under Rule 803(6) of Federal Rules of Civil Procedure, such records must nevertheless be authenticated before they may admitted into evidence. *See United States v. Chandler*, 87 F.2d 356 (5th Cir.

---

[5]In Foradori *ex rel*. Foradori v. Captain D's, this court held "refusing to agree to the authenticity of medical records is not the same thing as establishing fact issues regarding their authenticity, and the court would emphasize that these medical records could have been, and likely were, obtained by Captain D's prior to trial. It is this court's experience that, even in the smallest tort action, defense counsel will routinely issue their own subpoenas upon a plaintiff's medical providers, and the court can not fathom that defense counsel would have failed to do so in a case as important as this one. . . . For this reason, this court felt, and feels now, that Captain D's raised this issue as part of its "take no prisoners" approach to this litigation, rather than based upon any genuine concerns regarding the authenticity of the records."
*Foradori ex rel. Foradori v. Captain D's, LLC*, 2005 WL 3307102, *7 (N.D. Miss. 2005)

1937). Any question as to the authenticity of the evidence is then properly decided by the jury. *U.S. v. Casto,* 889 F.2d 562, 568 (5th Cir.1989). The Fifth Circuit has held that authentication is a jury issue, and, in order to submit the issue to the jury, plaintiff is only required to make a showing which would allow the jury to conclude that her medical bills were authentic. *Id.* The Mississippi Court of Appeals, interpreting the Mississippi rule of evidence identical to Fed.R.Evid. 901, has held a plaintiff's testimony authenticating her medical records may be sufficient to authenticate medical records. *See Cassibry v. Schlautman,* 816 So.2d 398, 403 (Miss.App.2002). Due to the defendant's refusal to stipulate to the authenticity of the medical records, the custodian of records is the best witness to establish their authenticity. Defendant cannot have its cake and eat it, too, on this issue. Accordingly, the defendant's motion to strike is denied.

CONCLUSION

Based on the foregoing, the court holds that the plaintiff's motion to strike Christine Joy, Julie Kent and Robin Horton [154] is DENIED; Plaintiff's motion to strike Edie Nichols testimony by deposition [155] is DENIED excepting only the limitation as stated above; and defendant's motion to strike [156] is DENIED.

SO ORDERED, this, the 1st day of April, 2009.


    __/S/_ S. ALLAN ALEXANDER_____
    UNITED STATES MAGISTRATE JUDGE