IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                          PLAINTIFF

TARA MAZZANTI                                                                      PLAINTIFF-INTERVENOR

V.                                                                        CIVIL ACTION NO. 2:07CV171-B-A

HWCC-TUNICA, INC.,
d/b/a Hollywood Casino, a Subsidiary
of Penn National Gaming, Inc.                                                              DEFENDANT

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Tara Mazzanti was employed with the defendant, HWCC-TUNICA, INC., (d/b/a Hollywood Casino), as a dealer and pit clerk when, on November 27, 2005, she suffered severe injuries as a result of an automobile accident. The plaintiff alleges that she suffered permanent and substantial impairment in her abilities to walk and stand. The defendant placed Mazzanti on a leave of absence and did not allow her to return to work when her physician advised that she be restricted to tasks which allowed her to sit down. Mazzanti requested to return to work full-time at the defendant's "sit-down" blackjack table – a handicapped-accessible gaming station. The defendant refused the request. Mazzanti then requested to return to work dealing poker – another "sit-down" job. She auditioned for this part-time position but was informed by the defendant that she failed the audition. The defendant then terminated Mazzanti's employment.

Mazzanti filed a charge with the plaintiff, Equal Employment Opportunity Commission ("EEOC"), which determined that the defendant failed to provide Mazzanti with a reasonable accommodation and discharged her because of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 - 12300 ("ADA"), and Title VII of the Civil Rights Act of 1964, §§ 2000e - 2000e-17. The EEOC brought the present action on September 28, 2007. The defendant has now moved for summary judgment, arguing, *inter alia*, that the ADA does not afford protection to Mazzanti because her disability is not permanent.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

The court finds that the plaintiff has set forth genuine issues of material fact including, but not limited to, whether Mazzanti's disability is of a permanent nature, whether the defendant

terminated Mazzanti because of her disability, and whether Mazzanti was qualified for the defendant's available positions with or without reasonable accommodations. Because of the existence of genuine issues of material fact, the court finds that the defendant's motion for summary judgment is not well taken and should be denied.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion for summary judgment is **DENIED**.

This, the 30th day of July, 2009.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**